IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE |
| MACKENLEY PIERRE and JERMARI HARRIS, | NO. 1:24-CR-0071-MHC-RDC |
| Defendants. | |

## ORDER

Defendants Mackenley Pierre ("Pierre") and Jermari Harris ("Harris") have been charged in a multi-count superseding indictment with co-Defendant Willie Holmes with one count of carjacking, in violation of 18 U.S.C. § 2119(2) (Count One), and one count of brandishing and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two).[1] First Superseding Criminal Indictment [Doc. 33]. This action comes before the Court on the Non-Final Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 244] recommending the denial of (1) Pierre's Motions to Suppress Search and Seizure of Apple ID Data [Docs. 165, 166], Pierre's Blue iPhone [Docs. 167,

---

[1] There are additional counts in the superseding indictment that do not name either Pierre or Harris.

190], and the Black 2010 Infiniti G27 [Doc. 168]; and (2) Harris's Motion to Suppress and Exclude Use of Data and Information from Defendant's Cell Phone [Doc. 175], Supplemental Motion Requesting a Franks Hearing to Motion to Suppress and Exclude Use of Data and Information from Defendant's Cell Phone [Doc 176], and Unopposed Motion to Amend Motion to Suppress and Exclude Use of Data and Information from Defendant's Cell Phone [Doc. 182].

The Order for Service of the R&R [Doc. 245] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Pierre filed his objections to the R&R ("Pierre's Objs.") [Doc. 257], to which the Government has filed a response in opposition [Doc. 272]. No objections were filed by Harris.

## I.    LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548

2

(11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Moreover, "a party does not state a valid objection to an R&R by merely incorporating by reference previous filings." Hammonds v. Jackson, No. 13-CV-711-MHS, 2015 WL 12866453, at *6 n.2 (N.D. Ga. May 18, 2015); see also Morrison v. Parker, 90 F. Supp. 2d 876, 878 (W.D. Mich. 2000) ("Plaintiffs' general, nonspecific objections, purporting to incorporate by reference their earlier brief, are tantamount to no objection at all and do not warrant further review.") (citations omitted).

Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Pierre objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

3

## II.   DISCUSSION

### A.   Pierre's Motions to Suppress Evidence

#### 1.   Factual Summary

On August 28. 2022, a carjacking occurred in which the victim, the owner of a 2019 silver Nissan, was approached by masked assailants who had been driving a black Infiniti.  Search Warrant Applic. [Doc. 166-1] at 2.  The assailants pistol-whipped the Nissan owner, fired shots at the owner (three of which struck the owner), and took the Nissan which followed the black Infiniti out of the area.  Id.

After receiving information about the location of the carjacked vehicle, Atlanta Police Department officers Trent Denninger and James Douglas located the victim's Nissan in a parking lot.  Id. at 3; Tr. of Evidentiary Hr'g (Sept. 2, 2025) ("Tr.") [Doc. 210] at 7-8, 16.[2]  The officers observed 3-4 individuals standing near the Nissan.  Tr. at 11, 21-22, 27-28.  The suspects then entered the black Infiniti and drove away and, after the vehicle was observed running a red light, the officers turned on their blue lights and pursued the vehicle.  Id. at 17, 23.  The officers then observed a gun being thrown out of the passenger's window of the black Infiniti.  Id. at 17, 23.  The officers later found the black Infiniti pulled

---

[2] Transcript page references are to the Docket Page Numbers.

into an apartment complex and saw several individuals fleeing and getting over a fence, with the rear door of the vehicle left open. Id. at 17-19, 23. Defendants were eventually arrested. Id. at 24. Search warrants were later issued granting permission to search the black Infiniti and the cell phones found inside the vehicle, including a blue Apple iPhone. Id. at 34-41; Search Warrant for Black 2010 Infiniti G37 [Doc. 168-1]; Search Warrant for blue Apple iPhone [Doc. 167-1].

### 2. Discussion

In his motions to suppress, Pierre argued that (1) the search warrant did not explain why the contents of the black Infiniti would have potential evidence (even though it alleges that the vehicle was used in the carjacking), and (2) there was no probable cause to link Pierre's blue Apple iPhone or any data contained therein with any crime. [Docs. 165 at 2-3; 166 at 1-2; 167 at 1-2; 168 at 2]. Pierre also argued that he has standing to challenge the search and seizure of property left in the black Infiniti because it was his sister's car, he was given permission to use it, and did not abandon his expectation of privacy despite fleeing from the scene. Def.'s Resp. to Gov't's Br. in Opp'n to Mots. to Suppress Search & Seizure of the Black Infiniti and the Blue iPhone ("Def.'s Resp.") [Doc. 228] at 3-4.

In the R&R, the Magistrate Judge assumes without deciding that Pierre has standing to raise his constitutional challenges but recommends denial of the

5

motions to suppress because he abandoned any privacy interests he may have had in the vehicle and cell phone by voluntarily leaving it behind when he fled to avoid arrest. R&R at 12-13. "The Defendants do not refute that they were being chased by the officers, nor that their property was left unsecured in the parking lot of an apartment complex; residential housing neither Defendant claims as his home." Id. at 13.

The Fourth Amendment provides that "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. The Fourth Amendment protects citizens from random government intrusion on their privacy. It is the defendant's burden to show a legitimate expectation of privacy in the area searched. United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984). However, "an individual who abandons or denies ownership of personal property may not contest the constitutionality of its subsequent acquisition by the police." United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001). Whether abandonment has occurred is a question of intent that may be inferred from acts, words and "other objective facts." United States v. Pirolli, 673 F.2d 1200, 1204

6

(11th Cir. 1982). "Courts repeatedly have held that when an individual flees from the police and in the process leaves behind an item inside a vehicle, he has abandoned any interest in that item for Fourth Amendment purposes." United States v. Harvey, No. 3:21-CR-00019-TCB-RGV, 2022 WL 16579328, at *5 (N.D. Ga. Oct. 7, 2022) (collecting cases), R&R adopted, No. 3:21-CR-00019-TCB-RGV, 2022 WL 16574806 (N.D. Ga. Nov. 1, 2022); see also United States v. Edwards, 441 F.2d 749, 751-53 (5th Cir. 1971)[3] (finding the defendant had no expectation of privacy in car he abandoned by fleeing from police on foot).

Rather than make specific objections to the R&R, Pierre copied verbatim the arguments he made to the Magistrate Judge following the evidentiary hearing. Compare Def.'s Resp. at 2-4 with Def.'s Objs. at 3-5. "[A] party does not state a valid objection to an R&R by merely incorporating by reference previous filings." Hammonds, 2015 WL 12866453, at *6 n.2. Because Pierre makes no specific objections to the R&R, this Court reviews the same for clear error. FED. R. CRIM. P. 59(a).

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

7

This Court finds that the Magistrate Judge did not commit clear error in finding that Pierre abandoned any interest in the black Infiniti or the blue iPhone found inside when the car was driven and parked by another occupant of the vehicle, Pierre did not live in the apartment complex where the vehicle was left, and Pierre abandoned both the vehicle and property left therein when fleeing police officers. R&R at 7-13  Accordingly, Pierre's Objections to the R&R are **OVERRULED**.

### B.    Harris's Motions to Suppress Evidence

The Magistrate Judge also recommends that Harris's Motion to Suppress Evidence be denied because he also abandoned any interest in the property when fleeing law enforcement officers. R&R at 7-13. Harris did not file any objections to the R&R. Based upon the absence of objections by Harris to the R&R, in accordance with 28 U.S.C. § 636(b)(1), the Court has reviewed the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). The Court finds no plain error and that the R&R is supported by law.

### III.   CONCLUSION

Accordingly, the Court **OVERRULES** Pierre's general objections to the R&R [Doc. 257]. Finding no clear error, the Court **ADOPTS** the Non-Final R&R [Doc. 244] as the Opinion and Order of the Court.

It is hereby **ORDERED** that (1) Pierre's Motions to Suppress Search and Seizure of Apple ID Data [Docs. 165, 166], Pierre's Blue iPhone [Docs. 167, 190], and the Black 2010 Infiniti G27 [Doc. 168], and (2) Harris's Motion to Suppress and Exclude Use of Data and Information from Defendant's Cell Phone [Doc. 175], Supplemental Motion Requesting a Franks Hearing to Motion to Suppress and Exclude Use of Data and Information from Defendant's Cell Phone [Doc 176], and Unopposed Motion to Amend Motion to Suppress and Exclude Use of Data and Information from Defendant's Cell Phone [Doc. 182] are **DENIED**.

**IT IS SO ORDERED** this 13th day of April, 2026.

MARK H. COHEN
United States District Judge

9